UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FAUS SIGNATURE HOSPITALITY LLC, et al.,

Plaintiffs,

v.

KRISTI NOEM, et al.,

Defendants.

Case No. 26-cv-00573-NW

**ORDER GRANTING IN PART *EX PARTE* APPLICATION FOR A TRO; ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT ISSUE**

Re: ECF No. 7

Before the Court is Plaintiffs Faus Signature Hospitality LLC and Ricard Faus Rodriguez's (collectively "Plaintiffs") *Ex Parte* Motion for a Temporary Restraining Order filed on January 30, 2026.  ECF No. 7.  For the reasons stated below, during the February 4, 2026 hearing, the Court GRANTED IN PART Plaintiffs' motion and issued narrow relief to ensure no irreparable harm occurred as the underlying facts develop.  As stated on the record and further explained in the memorandum below, **the Government and its agents are ENJOINED from detaining Mr. Faus Rodriguez for any reason related to his immigration status through February 17, 2026.**  Defendants are ORDERED TO SHOW CAUSE, in writing, on or before Wednesday, February 11, 2026, why a preliminary injunction should not issue.

Before turning to the merits, the Court reiterates its need to hear from Defendants.  The Court understands that Plaintiffs emailed a copy of the instant motion to email addresses believed to belong to attorneys from the U.S. Attorney's Office for the Northern District of California on January 29, 2026.  Plaintiffs must continue to make all reasonable effort to ensure Defendants receive notice of this action, the instant motion, and the limited relief provided by this Order.[1]

---

[1] The Court orders that Plaintiffs must review the dockets of similar cases filed in this District in the last few months and reach out to the attorneys representing the Government in those matters.

Plaintiffs shall file a report with the Court by noon on Thursday, February 6, that details the additional actions Plaintiffs have taken to ensure Defendants are on notice and any responses (or lack thereof) from Defendants.  The Court assumes that Plaintiffs' best efforts to effectuate service by the end of the week will be successful and sets forth the following schedule:

- Defendants shall file an opposition to Plaintiffs' motion (where not otherwise mooted) and a response to the order to show cause by 5 p.m. PT on February 11, 2026.

- Plaintiffs shall file a reply by 5 p.m. PT on February 13, 2026.

- The Court will hold a further hearing on the motion at 9:00 a.m. on February 17, 2026, on Zoom.

- Prior to the scheduled hearing, the parties shall meet and confer to discuss whether they may be able to reach any agreements regarding this case, including conditions that will either allow Plaintiffs to withdraw their motion, or that propose a different briefing or hearing schedule.

## I.     BACKGROUND

Mr. Faus Rodriguez lawfully entered the United State on October 8, 2024, on an E-2 visa. On July 28, 2025, the day upon which Mr. Faus Rodriguez's lawful status in the U.S. expired, Faus Signature Hospitality filed a Form I-129, Petition for a Nonimmigrant Worker, seeking O-1A classification for Mr. Faus Rodriguez pursuant to INA § 101(a)(15)(O).  Following a Request for Evidence (RFE) from the USCIS identifying primary areas of concern, and Plaintiffs subsequent "comprehensive rebuttal," USCIS denied Plaintiffs' O-1A petition on November 18, 2025.  *Id.* ¶ 33.  USCIS's decision extinguished any lawful status Mr. Faus Rodriguez may have otherwise had; from that point forward, Mr. Faus Rodriguez has not had lawful status to be in the United States.  *See* ECF No. 10 at 26.

Sometime thereafter, USCIS "issued a biometrics appointment notice [to Mr. Faus Rodriguez] referencing Form I-862 (Notice to Appear) scheduled for February 5, 2026, at the San

_____

The Court further orders Plaintiffs to serve the Defendants by **<u>overnight</u>** mail at the address listed at https://www.justice.gov/usao-ndca/contact-us.

United States District Court
Northern District of California

United States District Court
Northern District of California

Jose USCIS Field Office." Mot., ECF No. 7 at 4. Most recently on February 1, 2026, Mr. Faus Rodriguez received a Notice to Appear before an immigration judge on March 27, 2026, to "show why [he] should not be removed from the United States" for remaining in the U.S. unlawfully. ECF No. 10 at 27. An NTA is typically the first step the Government takes when initiating removal proceedings. *See Samayoa-Martinez v. Holder*, 558 F.3d 897, 901 (9th Cir. 2009). Accordingly, Plaintiffs fear that ICE may arrest and detain Mr. Faus Rodriguez at the scheduled USCIS appointment on February 5. *Id.* Plaintiffs ask the Court to enjoin Defendants from (1) enforcing the denial of Mr. Faus Rodriguez's Form I-129 O-1A Petition and (2) from arresting, detaining, or initiating removal proceedings against Mr. Faus Rodriguez in connection with a biometrics appointment.

Plaintiffs' complaint was filed before they received notice of the February 5, 2026 appointment, and it alleges only that USCIS's rejection of the O-1A visa application was arbitrary and capricious in violation of the Administrative Procedures Act ("APA"). Upon receipt of the appointment notice, Plaintiffs filed the instant motion because it was only at that time that Plaintiffs believed detention was imminent.

The Court understands that Plaintiffs attempted to effectuate service of the complaint and notify Defendants of the TRO Motion. There's no indication that Plaintiffs' attempts have been successful. The Court held an *ex parte* hearing on February 4, 2026, at 9:00 a.m. ET.

## II.      DISCUSSION

The sole purpose of a temporary restraining order ("TRO") is to maintain the status quo until the hearing on the application for a preliminary injunction. *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers,* 415 U.S. 423, 439 (1974). The standard for issuing a TRO is identical to the standard for issuing a preliminary injunction. *Lockheed Missile & Space Co. v. Hughes Aircraft Co.,* 887 F. Supp. 1320, 1323 (N.D. Cal. 1995).[2] As a result, to prevail on a TRO, Plaintiffs must establish (1) a substantial likelihood of success on the merits, (2)

---

[2] An *ex parte* TRO further requires Plaintiffs to comply with Rule 65(b)(1)(a) by providing (1) an affidavit demonstrating immediate injury before the adverse party can be heard and (2) a declaration from counsel describing all efforts to give notice. Plaintiffs have met both requirements. ECF Nos. 7-2, 7-3.

a significant risk of irreparable harm if the injunction is withheld, (3) a favorable balance of hardships, and (4) a fit (or lack of friction) between the injunction and the public interest. *Winter*, 555 U.S. at 20. When the government is a party, the factors regarding public interest and equities merge. *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014).

The Court may apply a "sliding scale" standard, "allowing a stronger showing of one element to offset a weaker showing of another." *Doe v. Snyder*, 28 F.4th 103, 111 (9th Cir. 2022) (citing *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (2011)). Under this approach, "serious questions going to the merits" and a hardship balance that "tips sharply toward the plaintiff can support issuance of an injunction." *Alliance for the Wild Rockies*, 632 F.3d at 1131; *see also N.D. v. Reykdal*, 102 F.4th 982, 992 (9th Cir. 2024). A "serious question" is one that "cannot be resolved one way or the other at the hearing on the injunction because [it requires] more deliberative investigation." *Assurance Wireless USA, L.P. v. Reynolds*, 100 F.4th 1024, 1031 (9th Cir. 2024).

Plaintiffs have demonstrated that there are serious questions going to the merits of the underlying APA claim animating the complaint. That, alongside the evidence that Mr. Faus Rodriguez's liberty interests may be irreparably injured, persuades the Court that the sliding scale used when granting equitable relief favors issuance of a narrow TRO. Accordingly, t**he Government and its agents are ENJOINED from detaining Mr. Faus Rodriguez for any reason related to his immigration status through February 17, 2026.** Without the benefit of Defendants' position on Plaintiffs' claim and motion, the Court finds it prudent to maintain the status quo while it waits to hear from Defendants.

Further, Defendants are ORDERED TO SHOW CAUSE, in writing, on or before Wednesday, February 11, 2026, why a preliminary injunction should not issue.

**IT IS SO ORDERED.**

Dated: February 4, 2026

_____

Noël Wise
United States District Judge

4